**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
(Beckley Division)

**ERP ENVIRONMENTAL FUND, INC.**

      **Plaintiff,**

**v.**                                     **CIVIL ACTION NO.** __5:16-cv-02546__

**WEST VIRGINIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION and
RANDY C. HUFFMAN, in his capacity
as Cabinet Secretary for the
West Virginia Department of
Environmental Protection,**

      **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, ERP Environmental Fund, Inc. (hereinafter "ERP"), by and through its counsel, John J. Meadows, Devon J. Stewart, and the law firm of Steptoe & Johnson PLLC, and moves for Declaratory Judgment, Injunctive Relief, and Preliminary Injunctive Relief against the West Virginia Department of Environmental Protection (the "WVDEP") and Randy C. Huffman, in his capacity as Cabinet Secretary for the WVDEP, pursuant to 28 U.S.C. §§ 2201 & 2202 ("Declaratory Judgment Act") and Fed. R. Civ. P. 57 ("Declaratory Judgment") & 65 ("Injunctions and Restraining Orders").  In support of its Complaint for Declaratory Judgment and Injunctive Relief, ERP states as follows:

## INTRODUCTION

On March 4, 2016, The WVDEP issued a water replacement Order to ERP pursuant to the West Virginia Surface Coal Mining and Reclamation Act, W. Va. Code § 22-3-24 ("WVSCMRA"), upon the authority of mandamus order from the Circuit Court of Wyoming County (the "Order").  The Order directed Defendants to take action on administrative claims

against Eastern Associated Coal, LLC ("Eastern") under the WVSCRMA, seeking water replacement for an allegedly contaminated water supply in Clear Fork, West Virginia. These claims had been pending before the WVDEP since they were first filed in 2011. The WVDEP found no evidence of a violation of the WVSCRMA based upon water samples obtained through investigation of these claims in 2012.

Further action on the administrative claims was stayed due to the filing of two petitions for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in 2012 and 2015, in which Eastern was identified as a debtor. The administrative claims were further pursued with the United States Bankruptcy Court for the Eastern District of Missouri by filing a proof of claim on behalf of the claimants. This proof of claim was withdrawn following the court's approval of a re-organization plan in the first bankruptcy. During the pendency of the first bankruptcy, and before a second bankruptcy petition was filed in 2015, the administrative claims were re-filed with the WVDEP, and once again stayed, this time due to the second bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of Virginia related. The administrative claims were never pursued to conclusion through the claims-allowance process in either bankruptcy action.

Despite the stay of administrative action due to the bankruptcy petitions and the withdrawal of the administrative claims from the claims-allowance process, forty-five residents of Clear Fork, West Virginia filed a Petition for Writ of Mandamus on September 16, 2015, seeking action on their administrative claims. Although the Petition sought orders directed to Eastern, which was a debtor in bankruptcy, Eastern and ERP were not joined in the Petition, and they were not given notice or an opportunity to be heard regarding the relief sought therein. The Circuit Court of Wyoming County held a hearing on December 2, 2015 and ordered Defendants

to issue emergency water replacement orders to Eastern, based upon the testimony of D. Scott Simonton, P.E., Ph.D., and others, who disputed the WVDEP's conclusions concerning its 2012 water sampling and investigation.

In an attempt to comply with the Order, the WVDEP issued a water replacement order directed to Eastern, one of the debtors in the pending bankruptcy of Patriot Coal Corporation, et al. The WVDEP thereafter discovered that ERP may have assumed one of the three mining permits referenced in the Order, which are permits to conduct surface mine operations at Kopperston Number 4, atop Coal Mountain, in Wyoming County, West Virginia, pursuant to permits O-0019-83, P-400111, U-0047-83, U-0143-82, and U-4003-94 (the "Permits"). The WVDEP contacted ERP in regard to permit O-0019-83, and ordered ERP to provide water replacement in accordance with the circuit court's Order. ERP has incurred and will continue to incur substantial costs to comply with the WVDEP's order.

ERP asks this Court to issue declaratory and injunctive relief from the circuit court's Order. As explained below, the circuit court was without jurisdiction and venue to issue orders that would effect Eastern or its mining permits due to the automatic bankruptcy stay imposed by the U.S. Bankruptcy Code. Moreover, the Petitioner's pursuit of a claim to the United States Bankruptcy Court for the Eastern District of Missouri submitted the claims to federal court for resolution through the claims-allowance process, which must be followed through to conclusion even when the claim is withdrawn. Finally, the Circuit Court of Kanawha County has exclusive jurisdiction under state law to issue mandamus orders to the WVDEP, and the Circuit Court of Wyoming County was without authority to enter the Order. Accordingly, ERP asks the Court for relief as detailed below.

3

## PARTIES

1.     ERP Environmental Fund, Inc. is a West Virginia non-profit corporation.

2.     The West Virginia Department of Environmental Protection ("WVDEP") is a state agency of the State of West Virginia and it is the agency charged with enforcement of W. Va. Code § 22-3-1, *et seq.*, West Virginia Surface Coal Mining and Reclamation Act ("WVSCMRA").

3.     Randy C. Huffman is the Cabinet Secretary for the West Virginia Department of Environmental Protection.

## FACTUAL ALLEGATIONS

4.     ERP restates the allegations in paragraphs 1-3 above as if set forth herein verbatim.

5.     On March 4, 2016, The WVDEP issued a water replacement Order to ERP pursuant to the West Virginia Surface Coal Mining and Reclamation Act, W. Va. Code § 22-3-24 ("WVSCMRA").  *See Affidavit of Dave Hettinger*, attached as Exhibit 1.

6.     The WVDEP's order was issued in an attempt to comply with a mandamus order dated February 25, 2016 from the Circuit Court of Wyoming County, West Virginia (the "Order"), attached as Exhibit 2.

7.     The Order arises out of a civil action commenced by Petition for Writ of Mandamus filed in the Circuit Court of Wyoming County, West Virginia, on September 16, 2015, pending as Civil Action No. 15-C-176 (the "Wyoming County Action").

8.     The Petition for Writ of Mandamus was filed by forty-five individuals, described in the Order as residents of Clear Fork, in Wyoming County, West Virginia, to wit: Avary H. & Betty Jo Bailey, Jason A. & Roncheski Bailey, Newman & Kathrine Bronwn, Algie D. &

Katherine Cook, Algie R. & Peggy Ann Cook, Dennis L. Cook, Jr. & Michele Cook, Dennis L. Cook, Sr. & Brenda K. Cook, William C. & Regina Cook, William & Stephanie Cook, Donna Fraley, Maybeth Fraley, Westley & Judy Fraley, Doyle Lee & Phyllis Johnson, Glen & Mary Johnson, Elizabeth L. Kennedy, William D. & Jenny Lafferty, Michael E. Marcum, Paul Marcum, Helen M. McGinnis, Onnie & Virginia Paynter, Earl R. Pelphrey, Larry & Becky Reed, Everett & Freda Smith, William L. & Jessica N. Stepp, Jacquelyn A. Whitley, Billy Ray Willard, and Teddy & Dorothy Wykle (collectively, the "Petitioners").

9.    Petitioners in the Wyoming County Action are represented by Kevin W. Thompson and David R. Barney, Jr., of Thompson Barney, 2030 Kanawha Boulevard, East, Charleston, WV 25311.

10.    Respondents to the Petition for Writ of Mandamus were the WVDEP and Randy C. Huffman, in his role as Cabinet Secretary for the WVDEP.

11.    Eastern, to which the Order is addressed, was not a party to the Wyoming County Action.

12.    ERP, to which the WVDEP's water replacement order is directed, was not a party to the Wyoming County Action.

<u>WVSCRMA Claims and the First Bankruptcy Action</u>

13.    ERP restates the allegations in paragraphs 1-12 above as if set forth herein verbatim.

14.    The Order requires Defendants to take action on administrative claims previously filed with the WVDEP, which were stayed pursuant to Chapter 11 bankruptcy petitions filed by Patriot Coal Corporation and its affiliated entities, including Eastern.

15.     Upon information and belief, the administrative claims which were the subject of the Order were first filed on November 4, 2011 by notice to the WVDEP pursuant to W. Va. Code §§ 22-3-24, 22-3-25, alleging that an impoundment built by Eastern, pursuant to permits to conduct surface mine operations at Kopperston Number 4, atop Coal Mountain, in Wyoming County, West Virginia, O-0019-83, P-400111, U-0047-83, U-0143-82, and U-4003-94 (the "Permits"), had contaminated well water for residents in the community.  *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 9 ¶ 39.

16.     Administrative proceedings were stayed due to the filing of Chapter 11 Petitions for bankruptcy filed on July 9, 2012 by Patriot Coal Corporation and its affiliated companies, including Eastern, before the United States Bankruptcy Court for the Southern District of New York, *In re: Patriot Coal Corporation, et al.*, Case No. 12-12900 (SCC) (the "First Bankruptcy Action").  *Id.*

17.     Counsel for Petitioners sought to further pursue the administrative claims with the United States Bankruptcy Court for the Southern District of New York by filing a "Statement Regarding Proof of Claims" on December 14, 2012.  *See Statement Re: Proof of Claim*, attached Exhibit 3.

18.     The First Bankruptcy Action was transferred to the United States Bankruptcy Court for the Eastern District of Missouri, *In re: Patriot Coal Corporation, et al.*, Case No. 12-51502-659, by "Order Transferring Venue of the Cases to the United States Bankruptcy Court for the Eastern District of Missouri" dated December 26, 2012, S.D.N.Y. Bankr., Case No. 12-12900-SCC, DOC 1795.

19.     Upon information and belief, counsel for Petitioner thereafter re-filed the administrative claims with the WVDEP on April 13, 2013, and this claim was also stayed due to

the pending First Bankruptcy Action. *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 9 ¶ 39.

20. Following transfer to the United States Bankruptcy Court for the Eastern District of Missouri, Patriot Coal Corporation and its affiliated entities in the First Bankruptcy Action filed an objection asking the court to disallow the administrative claims. *See* E.D. Mo. Bankr., Case No. 12-51502-659, October 11, 2013, DOC 4779.

21. Counsel for Petitioners thereafter filed a response to the objection on November 1, 2013, attaching reports from D. Scott Simonton, P.E., Ph.D., dated December 13, 2012, and Stephen King, Ph.D., M.P.H., dated December 13, 2012. *See id.*, DOC 4913.

22. On December 17, 2013, the court approved the re-organization of Patriot Coal Company and its affiliated debtors pursuant to an "Order Confirming Chapter 11 Pre-Confirmation Plan." *See id.*, DOC 5157.

23. Counsel for Petitioners thereafter withdrew their claims in the First Bankruptcy Action by "Consent Order Regarding Debtors' Twenty-First Omnibus Objection to Claims" approved and signed by court. *See id.*, March 12, 2014, DOC 5406.

The Second Bankruptcy Action

24. ERP restates the allegations in paragraphs 1-23 above as if set forth herein verbatim.

25. On May 12, 2015, Patriot Coal Company and its affiliated entities, including Eastern, filed a second petition under Chapter 11 of the Bankruptcy Code, before the United States Bankruptcy Court for the Eastern District of Virginia, jointly administered under the lead case of Patriot Coal Corporation, Case No. 15-32450 (KLP) (the "Second Bankruptcy Action").

26.     Upon information and belief, counsel for Petitioners thereafter re-filed the administrative claims with the WVDEP on May 22, 2015, and this claim was also stayed due to the pending bankruptcy action(s).   *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 9 ¶ 39.

27.     Counsel for Petitioners did not file a statement of claim in the Second Bankruptcy Action, but instead filed a Petition for Writ of Mandamus before the Circuit Court of Wyoming County, West Virginia on September 16, 2015.

28.     The United States Bankruptcy Court for the Eastern District of Virginia confirmed the re-organization plan in the Second Bankruptcy Action by "Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and (II) Approving the Fourth Amended Disclosure Statement," dated October 9, 2015, Case No. 15-32450 (KLP), DOC 1615.

<u>The Wyoming County Action</u>

29.     ERP restates the allegations in paragraphs 1-28 above as if set forth herein verbatim.

30.     Rather than file a statement regarding proof of claim in the Second Bankruptcy Action, on September 16, 2015, Petitioners filed a Petition for Writ of Mandamus before the Circuit Court of Wyoming County, West Virginia, asking the Court to order the WVDEP to take action on their claims against Eastern.   *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 1-2.

31.     Petitioners did not name Eastern or ERP in the Wyoming County Action.

32.     Petitioners brought their Petition on for hearing before the Circuit Court of Wyoming County on December 2, 2015.  *Id.* at 1.

33.     Petitioners elicited testimony from Dr. Simonton, whose opinions were based upon each "WVDEP testing event" for water sampling conducted in 2012, *id.* ¶¶ 46, 52, which were the samples subject to dispute with respect to all three prior administrative claims previously stayed due to bankruptcy.

34.     Dr. Simonton's testimony was offered without objection.  *Id.* ¶ 51.

35.     Following the December 2, 2015 hearing, the Circuit Court of Wyoming County granted the Petition, and an Order was entered on February 25, 2016 directing as follows:

> a.      "That within twenty-four (24) hours of notice of this Order, Respondents [Defendants in this action] shall order Eastern to provide emergency drinking water to each Petitioner for family and domestic use."
>
> b.      "That within seventy-two (72) hours of notice of this Order, Respondents shall order Eastern to provide temporary potable water for use by Petitioners in their households and homesteads."
>
> c.      "That counsel for the parties are to cooperate on the details for the provision of replacement water."
>
> d.      "That Petitioners are entitled to the peaceful enjoyment of their homes and, in accordance with West Virginia Code § 22-3-25(d), no bond shall be required of Petitioners."

36.     Upon information and belief, the WVDEP thereafter sought to contact Eastern in an attempt to comply with the Order.

37.     Upon information and belief, the WVDEP discovered that Eastern no longer maintained an office, and that the Permits were among the assets sold to ERP by the bankruptcy estate in the Second Bankruptcy Action.

38.     Thereafter, on March 4, 2016, the WVDEP contacted ERP and issued a water replacement order, consistent with the terms of the circuit court's Order directed to Eastern, requiring ERP to assume Eastern's liability under the WVSCRMA in relation to the administrative claims which were the subject of the Order.

39.     Despite the pursuit and withdrawal of Petitioner's WVSCRMA administrative water replacement claims in the First Bankruptcy Action, the continuing protection of Eastern and its assets in the Second Bankruptcy Action, and questions concerning the jurisdiction of the Wyoming County Circuit Court to issue mandamus orders to the WVDEP, as discussed below, ERP has incurred substantial costs, and will continue to incur substantial costs, to comply with the WVDEP's water replacement order.  *See* Ex. 1, *Affidavit of Dave Hettinger*.

## JURISDICTION AND VENUE

40.     ERP restates the allegations in paragraphs 1-39 above as if set forth herein verbatim.

41.     This Court has jurisdiction over the parties and the Complaint's subject matter pursuant to 28 U.S.C. §§ 1331, 1334, 2201, and 2202.

42.     Due to the nature of relief sought in this action, the preliminary procedures for suits against state agencies are inapplicable.  *See* W. Va. Code § 55-17-3.

43.     Venue is proper in Beckley, West Virginia pursuant to the provisions of 28 U.S.C. § 1391(b) as the United States District Court for the Southern District of West Virginia, Beckley Division, is the point of holding court for the Circuit Court of Wyoming County, wherein the underlying Order giving rise to this dispute was issued.

44.     This Court has jurisdiction to issue declarations with respect to the Order under 28 U.S.C. § 1334(b).

45.     Pursuant to 28 U.S.C. § 1334(b), "Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all

civil proceedings arising under title 11, or arising in **or related to cases under title 11**."  28 U.S.C. § 1334(b) (emphasis added).

46.     The declaration sought in this action are "related to cases under title 11," to wit, the First Bankruptcy Action and the Second Bankruptcy Action.

47.     "When Congress enacted § 1334, it 'was concerned with the inefficiencies of piecemeal adjudication of matters affecting the administration of bankruptcies and intended to give federal courts the power to adjudicate all matters having *an effect* on the bankruptcy.'" *New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 150 (4th Cir. N.C. 2000) (italics in original) (quoting *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)).

48.     "*Related to* jurisdiction, however, has a special meaning in the law, and we must turn to the test approved by the Supreme Court in *Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08, 131 L. Ed. 2d 403, 115 S. Ct. 1493 (1995), in determining whether the district court had subject matter jurisdiction in this case."  *Id.* (italics in original).

49.     "A civil case filed in a district court is related to a case in bankruptcy if the outcome in the civil case '*could* conceivably have any effect *on the estate being administered in* bankruptcy . . . if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'"  *Id.* at 151 (italics in original).

50.     "The Supreme Court gave the following as an example of a civil case related to a bankruptcy case: 'suits between third parties which have an effect on the bankruptcy estate.' *Celotex*, 514 U.S. at 307 n.5 (citing 1 *Collier on* Bankruptcy P 3.01[1][c][iv] at 3-28 (15th ed. 1994)). Notably, as is the case here, a related to case need not necessarily be against the debtor or his property."  *Id.*

51.    In this case, the relief sought in the Petition, and the WVDEP's order directing water replacement, imposes liability directly upon a bankruptcy debtor (Eastern) and/or in relation to assets sold through the bankruptcy estate in the Second Bankruptcy Action (the Permits) which "could conceivably" have an effect on the estate being administered in the Second Bankruptcy Action.  *See* Ex. 2.  There are federal questions arising under the U.S. Bankruptcy Code, unaddressed in the circuit court's order, due to the pending bankruptcy, with respect to the effect of the sale of assets from the bankruptcy estate.  *See Providence Hall Assoc. v. Wells Fargo Bank, N.A.*, No. 14-2378 (4th Cir. March 11, 2016) (applying res judicata to dismiss lawsuit related to assets sold by bankruptcy estate because "bankruptcy sale orders were final orders on the merits") (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008); *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736 (5th Cir. 1993); *Gekas v. Pipin (In re Met-L-Wood Corp.)*, 861 F.2d 1012 (7th Cir. 1988)).  The Circuit Court of Wyoming County was without jurisdiction to render a decision enforceable against a bankruptcy debtor, or against the transferee of assets from a bankruptcy estate, insofar as the court was required to address (and failed to address) questions regarding the referenced bankruptcy matters.  These issues could only be decided by a court of competent jurisdiction.

52.    Accordingly, the declarations sought in this action, related to the enforceability of the Order, are "related to cases under title 11," and this Court has subject matter jurisdiction.

## COUNT ONE: DECLARATORY RELIEF

### The Order is Void Pursuant to the Automatic Bankruptcy Stay

53.    ERP restates the allegations in paragraphs 1-52 above as if set forth herein verbatim.

54.     Due to the WVDEP's issuance of a water replacement order to ERP, there exists an actual controversy between ERP and Defendants which requires interpretation of the U.S. Bankruptcy Code to evaluate the jurisdiction of the Circuit Court of Wyoming County, West Virginia to issue the Order upon which the WVDEP's water replacement order is founded.

55.     Specifically, this Court must determine whether the administrative claims to which the circuit court's mandamus Order is directed were subject to an automatic stay and/or discharge pursuant to 11 U.S.C. §§ 362.

56.     "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of–(1) the **commencement or continuation**, including the issuance or employment of process, **of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title**, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . ."   11 U.S.C. § 362(a) (emphasis added).

57.     As a general matter, "a bankruptcy filing automatically stays 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate,' and 'any act to collect, assess, or recover a claim against the debtor that

arose before the commencement of the case[.]" *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21 (1995).

58.     "When a party, who has not sought relief from the bankruptcy stay, attempts to commence or continue a lawsuit against the debtor, the action taken is void." *Paine v. Sealey*, 956 S.W.2d 803, 805 (Tex. App. Houston 14th Dist. 1997) (citing *Kalb v. Feurstein*, 308 U.S. 433, 439 (1940)).

59.     Petitioner's administrative claims against Eastern and/or its assets (the Permits), which were specifically pursued and withdrawn in the First Bankruptcy Action, are subject to the automatic bankruptcy stay under 11 U.S.C. § 362(a).

60.     Petitioner's commencement of the Wyoming County Action by Petition filed on September 16, 2015, during the pendency of the Second Bankruptcy Action, constitutes the "commencement or continuation" of action to recover on an administrative claim against a bankruptcy debtor and/or assets of the bankruptcy estate in the Second Bankruptcy Action.

61.     Accordingly, Petitioner's pursuit of mandamus relief in the Wyoming County Action violated the automatic bankruptcy stay of 11 U.S.C. § 362(a), and the circuit court's Order taking action on the Petition is void.

The Circuit Court of Wyoming County was Without Jurisdiction to Issue the Order
Because the Administrative Claims Were Submitted to the Claims-Allowance Process

62.     ERP restates the allegations in paragraphs 1-61 above as if set forth herein verbatim.

63.     Because the conduct giving rise to WVSCRMA water replacement liability, if any, pre-dated the First Bankruptcy Action, and was submitted for allowance or disallowance, the administrative claims were committed to the claims-allowance process in federal court.

64.     The Fourth Circuit follows the "conduct test" to determine when a claim arises in the context of a bankruptcy.  *Grady v. A.H. Robins Co.*, 839 F.2d 198, 201-202 (4th Cir. 1988). Courts in the Fourth Circuit have applied the "conduct test" to ascertain when a claim arises both regarding the automatic stay and in the confirmation of a Chapter 11 Plan.  *Holcombe v. U.S. Airways, Inc.*, 369 F. App'x 424, *cert. denied* 131 S.Ct. 343 (2010).

65.     Under the "conduct test," the court focuses on the definition of a claim under 11 U.S.C. § 101(5) to determine when a right of payment arises.  Under the "conduct test" a claim accrues when the act giving liability occurs, not when the harm is recognized.  *Grady*, 839 F.2d at 199.

66.     According to the Order, the "conduct" giving rise to contamination – slurry injections at the impoundment – continued until the impoundment was closed on about August of 1998.  *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 7 ¶¶ 31.

67.     Therefore, the conduct giving rise to WVSCRMA water replacement liability, if any, occurred prior to the First Bankruptcy Action filed on July 9, 2012.

68.     In this case, the Order is founded upon the opinions of Dr. Simonton with respect to the WVDEP's investigation and water samples taken in 2012, before or during the First Bankruptcy Action, and before confirmation of the re-organization plan during the First Bankruptcy Action on December 17, 2013.

69.     Under the conduct test, the administrative claims at issue in the circuit court's Order arose in the context of the First Bankruptcy Action, and these claims were properly submitted to the claims-allowance process before the U.S. Bankruptcy Court for the Eastern District of Missouri.

70.     The U.S. Bankruptcy Court for the District of Deleware has explained that where a creditor "submit[s] itself to the 'claims-allowance process' of the equity court," the creditor "los[es] its right to a jury trial because it elected to participate in the equity court proceeding. Given the unequivocal language of *Langenkamp* [*v. Culp*, 498 U.S. 42 (1991)] and *Travellers* [*Int'l AG v. Robinson*, 982 F.2d 96 (3d Cir. 1992)] as to the effect of filing a proof of claim, I do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim." *EXDS, Inc. v. RK Elec., Inc. (In re EXDS, Inc.)*, 301 B.R. 436, 440 (Bankr. D. Del. 2003).

71.     While the U.S. Bankruptcy Court for the Eastern District of Missouri reserved adjudication of "(a) the effect of the withdrawal of the Claims on any other rights or remedies that the Claimants may have or claim to have; and (b) the effect of the discharge of the debts of the Debtors on any other rights or remedies that the Claimants may have or claim to have," for "any court of competent jurisdiction," Case No. 12-51502, DOC 5406 at 2, the pursuit of the administrative claims in bankruptcy court submitted these issues to the claims-allowance process, which can only be adjudicated in federal court under the authorities cited above.

72.     The Circuit Court of Wyoming County thus was without jurisdiction to issue its Order to Defendants, both because the matter was subject to the automatic bankruptcy stay, and because the administrative claims were submitted to the claims-allowance process.

### Additionally, the Circuit Court of Wyoming County was Without Jurisdiction to Issue the Order Because the Circuit Court of Kanawha County is the Exclusive Venue for Mandamus Claims Against the WVDEP

73.     ERP restates the allegations in paragraphs 1-73 above as if set forth herein verbatim.

74.     "Jurisdiction of writs of mandamus and prohibition (except cases whereof cognizance has been taken by the Supreme Court of Appeals or a judge thereof in vacation), shall be in the circuit court of the county in which the record or proceeding is to which the writ relates."  W. Va. Code § 53-1-2.

75.     The "records" to which the writ of mandamus relates are the mining Permits on file with the WVDEP in Charleston, WV.

76.     Additionally, under the West Virginia Code, "The following proceedings shall be bought and prosecuted **only in the Circuit Court of Kanawha County: (1) Any suit** in which the Governor, **any other state officer, or a state agency is made a party defendant**, except as a garnishee or suggestee."  W. Va. Code § 14-2-2(a) (emphasis added).  Furthermore, "Actions wherein a state agency or official is named, whether as principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County."  Syl. pt. 2, *Thomas v. Bd. of Educ.*, 167 W. Va. 911, 280 S.E.2d 816 (1981); syl. pt. 5, *State ex rel. W. Va. Bd. of Educ. v. Perry*, 189 W. Va. 662, 434 S.E.2d 22 (1993).

77.     The term "suit" includes actions seeking relief "in the nature of a petition for a writ of mandamus" because "considering the section as a whole, the statute applies to actions at law, as well as suits in equity, and that venue of this proceeding . . . is in Kanawha County." *Stump v. Johnson*, 217 W. Va. 733, 740, 619 S.E.2d 246, 253 (2005) (quoting *State ex rel Miller v. Reed*, 203 W. Va. 673, 684, 510 S.E.2d 507, 518 (1998); *Newman v. Bailey*, 124 W. Va. 705, 708, 22 S.E.2d 280, 282 (1942)), *superseded by statute on other grounds as recognized by Miller v. Wood*, 229 W. Va. 545, 553 n.8, 729 S.E.2d 867, 875 n.8 (2012).

78.     In this case, the Petition is a "suit" within the meaning of W. Va. Code § 14-2-2(a), and the suit may only be brought and prosecuted in the Circuit Court of Kanawha County.

17

79.     A circuit court order from a court other than the Circuit Court of Kanawha County, regarding a record located in Kanawha County, in a suit seeking mandamus relief from a state agency or an officer of a state agency, is unenforceable for lack of jurisdiction and improper venue. *Stump*, 217 W. Va. at 740-41, 619 S.E.2d at 253-54 (granting writ of prohibition) ("[W]e find that the Circuit Court of Nicholas County lacked the jurisdiction to proceed with Bishop's mandamus/prohibition circuit court actions and that the proper jurisdiction and venue for the action was the Circuit Court of Kanawha County.").

80.     Pursuant to *Stump*, *supra*, the Circuit Court of Wyoming County thus lacked jurisdiction to decide the Petition, and the Order is unenforceable.

WHEREFORE, ERP respectfully requests the following relief:

A. An order declaring that the Order was procured in violation of the automatic bankruptcy stay under 11 U.S.C. § 362(a), and is therefore void and unenforceable;

B. An order declaring that any further action on the administrative claims filed on November 4, 2011, April 13, 2013, and May 22, 2015 are stayed pursuant to 11 U.S.C. § 362(a), pending lift of the stay from a court of competent jurisdiction;

C. An order declaring that the administrative claims to which the Order pertains were submitted to the claims-allowance process, and the Order is therefore void and unenforceable because the Circuit Court of Wyoming County lacked jurisdiction to resolve questions concerning the effect of the withdrawal of claims and/or discharge of debts of Eastern Associated Coal, LLC;

D. An order declaring that the Order is void and unenforceable because the records to which it pertains are located in Kanawha County, and the Circuit Court of Wyoming County lacked jurisdiction because the Circuit Court of Kanawha County is the

exclusive venue for hearing the Petition for Writ of Mandamus concerning the Permits pursuant to W. Va. Code § 53-1-2 and *Stump v. Johnson*, 217 W. Va. 733, 619 S.E.2d 246 (2005);

E. An order declaring that the Order is void and unenforceable because the Circuit Court of Wyoming County lacked jurisdiction over suits against Defendants, a state agency and state official, pursuant to W. Va. Code § 14-2-2 and *Stump v. Johnson*, 217 W. Va. 733, 619 S.E.2d 246 (2005);

F. An order declaring that the Defendants are not bound to comply with the Order from the Circuit Court of Wyoming County;

G. An order declaring that the WVDEP's water replacement order to ERP is void and unenforceable;

H. An order declaring that ERP is not bound to comply with the WVDEP's water replacement order;

I. An order declaring that the Circuit Court of Wyoming County lacks jurisdiction in the Wyoming County Action, and that Defendants and ERP are not bound to comply with any order arising out of the Wyoming County Action or any other order from the Circuit Court of Wyoming County related to the administrative claims at issue in the Wyoming County Action; and

J. Such other and further relief as necessary to prevent prejudice to ERP.

## COUNT TWO: PRELIMINARY INJUNCTION

81. ERP restates the allegations in paragraphs 1-80 above as if set forth herein verbatim.

82.     "In its recent opinion in *Winter* [*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009)], the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish '[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009) (quoting *Winter*, *supra*), *vacated on other grounds* 559 U.S. 1089.  "And all four requirements must be satisfied." *Id.* "[T]he party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Id.*

83.     Pursuant to the Anti-Injunction Act, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

84.     "The Anti-Injunction Act 'does not prohibit *third parties* from seeking to enjoin a state proceeding with a federal injunction' if the third party is 'a *stranger* to the state proceedings.'" *Iantosca v. Step Plan Servs.*, 604 F.3d 24, 32 (1st Cir. 2010) (italics in original) (quoting *Garcia v. Bauza-Salas*, 862 F.2d 905, 909 (1st Cir. 1988)); *accord Hale v. Bimco Trading, Inc.*, 306 U.S. 375, 377-78 (1939).

85.     The Anti-Injunction Act, 28 U.S.C. § 2283 therefore does not prohibit this Court from issuing an injunction to the Wyoming County Action because ERP is a stranger to the proceedings.

86.     With respect to the preliminary injunction factors, ERP is likely to succeed on the merits for the reasons set forth above.  The Order is void and unenforceable because: (a) the

administrative claims were subject to an automatic stay; (b) the administrative claims were submitted to the claims-allowance process and must now be resolved through federal proceedings; (c) the Circuit Court of Wyoming County does not have jurisdiction because the "records" are located in Kanawha County; and (d) the Circuit Court of Wyoming County does not have jurisdiction to grant a writ of mandamus ordering action by a state agency or its officers.

87.     ERP has already been irreparably harmed by the WVDEP's order to commence water replacement pursuant to the WVSCMRA.   The Order required immediate water replacement within 24 hours of receipt of the order.  ERP has complied with the Order and will continue to comply with the Order until it is vacated and/or declared void and unenforceable.

88.     The costs incurred to comply with the Order are substantial.  ERP is preparing an estimate for costs incurred to date as well as anticipated costs of future compliance, and will offer evidence of the same at a hearing on ERP's request for a preliminary injunction.

89.     The costs incurred to comply with the Order also cannot be remedied with monetary relief because the Court declined to require the Petitioners to post a bond.  *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 17 ¶ 4.

90.     ERP's costs incurred to comply with the Order therefore cannot be recovered, and ERP has been irreparably harmed and will continue to be irreparably harmed.

91.     A preliminary injunction is therefore necessary to preserve the status quo pending resolution of this action.

92.     The balance of equities weigh in favor of granting an injunction.  Petitioners sought relief by filing a Petition for Writ of Mandamus demanding administrative action against a debtor in bankruptcy, circumventing the federal process contemplated by Chapter 11 of the

U.S. Bankruptcy Code for the adjudication of disputes against bankruptcy debtors. Although Petitioners did not name Eastern in their action, the relief sought by the Petition was specifically directed to Eastern, and intended to resolve pending administrative claims that could not have been pursued directly due to the pending bankruptcy actions. As a matter of law and equity, Petitioners cannot accomplish in a state court mandamus action what they were unable to do directly through an administrative claim with the WVDEP, particularly where, as here, that process deprives the real parties in interest notice and an opportunity to be heard before their liabilities are adjudicated. The process employed to procure one-sided relief without requiring a bond – while denying ERP an opportunity to respond – offends Due Process requirements. Courts must ensure that parties are given adequate notice and an opportunity to be heard before the State can deprive life, liberty, or property. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) ("First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.").

93.     Finally, the public interest is not served by the circuit court Order. As explained above, these administrative claims have been pending since 2011 without action. The WVDEP found no evidence of seepage from the impoundment which would contaminate the water supply. *See* Ex. 2, *Order Granting Verified Pet. for Writ of Mandamus*, Feb. 25, 2016, at 11 ¶ 47. There is no sudden emergency or measured change in water quality giving rise to the Order. In fact, the Order reflects that the water samples at issue were all taken four years ago in 2012, and the circuit court's findings were not based upon new information demonstrating a need for

immediate action.  There is no indication that the public is facing an imminent water quality problem requiring emergency relief.

WHEREFORE, ERP respectfully moves the Court for the following relief:

A.  A preliminary injunction order staying the Wyoming County Action pending resolution of this case;

B.  A preliminary injunction order staying execution of the Order dated February 25, 2016 in the Wyoming County Action pending resolution of this case;

C.  A preliminary injunction order enjoining Defendants not to comply with the Order dated February 25, 2016 in the Wyoming County Action pending resolution of this case;

D.  An evidentiary hearing on ERP's motion for preliminary injunction; and

E.  Such other and further relief as necessary to prevent prejudice.

## COUNT THREE: PERMANENT INJUNCTION

94.     ERP restates the allegations in paragraphs 1-93 above as if set forth herein verbatim.

95.     "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014).

96.     The allegations set forth above also establish the factors set forth in *eBay, Inc. v. MercExchange, L.L.C.* for permanent injunctive relief.

97.     Additionally, ERP notes that its requests for declaratory and injunctive relief relate only to the jurisdiction of the Circuit Court of Wyoming County, and do not prohibit any party who alleges to have been aggrieved by violations of the WVSCRMA from seeking relief in a court of competent jurisdiction.   The public will not be deprived a forum for hearing their disputes, and the effect of the Court's order granting the relief sought in this action will be only that the jurisdictional and venue requirements under West Virginia and federal law are enforced.

WHEREFORE, ERP respectfully requests the following relief:

A.  A permanent injunction order directing the Circuit Court of Wyoming County to vacate the Order dated February 25, 2016 in the Wyoming County Action;

B.  A permanent injunction order directing the Circuit Court of Wyoming County to dismiss the Wyoming County Action;

C.  A permanent injunction order enjoining Defendants not to comply with the Order dated February 25, 2016 in the Wyoming County Action; and

D.  Such other and further relief as necessary to prevent prejudice.

Dated this 16th day of March, 2016

**ERP Environmental Fund, Inc.**
**By Counsel**


/s/ John J. Meadows
John J. Meadows, Esq. (WVSB # 9442)
Peter J. Raupp (WVSB # 10546)
Devon J. Stewart, Esq. (WVSB # 11712)
707 Virginia Street, East
Chase Tower, Seventeenth Floor
Post Office Box 1588
Charleston, WV  25326-1588
Telephone:  (304) 353-8154
Telecopier:  (304) 353-8180
John.Meadows@steptoe-johnson.com
Devon.Stewart@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**Of Counsel**